**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| **HEATHER K. STICKLER** | ) | **CIVIL ACTION NO.   16-3738** |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **CITIMORTGAGE, INC.** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

_____

**FIRST AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY**

Plaintiff, Heather K. Stickler, ("Stickler" or "Plaintiff") by and through her undersigned counsel, the Kurland Law Group, hereby files this First Amended Complaint, by consent, against Defendant, CitiMortgage, Inc. ("CitiMortgage" or "Defendant") and in support states as follows:

**INTRODUCTION**

1.     On February 10, 2006, Plaintiff, Heather Stickler, executed a Deed of Trust and Note secured by the Property commonly known as 942 Shore Acres Road, Arnold, Maryland, 21012.

2.     The Property is Plaintiff's principal residence.

3.     In 2011, Plaintiff began having financial difficulty due in large part to a separation and custody dispute.

4.     Plaintiff contacted CitiMortgage in 2011 and requested mortgage assistance.

5.     CitiMortgage advised Plaintiff that she was eligible to be reviewed for a Making Home Affordable ("HAMP") loan modification.

6.     In 2011, Plaintiff applied for a loan modification.

7.      Plaintiff submitted a complete application and provided CitiMortgage with all the documents it required and requested.

8.      Plaintiff did not receive a decision from CitiMortgage in response to her 2011 application.

9.      Plaintiff received a Notice of Intent to Foreclose from CitiMortgage dated August 23, 2011.

10.     The Notice of Intent to Foreclose stated that the secured party was Wells Fargo Bank.

11.     In 2012, Plaintiff applied for another loan modification.

12.     Plaintiff submitted a complete application and provided CitiMortgage with all the documents it required and requested.

13.     Plaintiff did not receive a decision from CitiMortgage in response to her 2012 application.

14.     In 2013, Plaintiff applied for another a loan modification.

15.     Plaintiff submitted a complete application and provided CitiMortgage with all the documents it required and requested.

16.     Plaintiff did not receive a decision from CitiMortgage in response to her 2013 application.

17.     After her failed attempts to obtain responses to her loan modification applications, Plaintiff contacted an Anne Arundel Community Action Agency Housing Counselor named Mr. Alberto James ("Mr. James").

18.    On or about June 12, 2014, Mr. James submitted a complete loan modification application package to CitiMortgage via the Hope Loan Portal.

19.    On June 24, 2014, Mr. James spoke with Ms. Kpril Robinson ("Ms. Robinson"), a CitiMortgage, Inc. Homeowner Support Specialist.

20.    Ms.  Robinson requested additional documents.

21.    Plaintiff provided the additional documents to CitiMortgage on or about June 30, 2014.

22.    Ms. Robinson sent Plaintiff an email on or about July 1, 2014, requesting additional documents.

23.    Plaintiff sent the additional documents to CitiMortgage on July 7, 2014.

24.    Ms. Robinson emailed Plaintiff on July 9, 2014, and requested additional documents.

25.    Plaintiff sent the requested documents to CitiMortgage on July 17, 2014.

26.    Ms. Robinson emailed Plaintiff on July 29, 2014, and requested more documents.

27.    Plaintiff sent the documents to CitiMortgage on August 6, 2014.

28.    Ms. Robinson emailed Plaintiff on August 7, 2014, and requested updated documents.

29.    Plaintiff sent the updated documents to CitiMortgage on August 15, 2014.

30.    Ms. Robinson requested additional documents on September 9, 2014.

31.    Plaintiff sent the additional documents to CitiMortgage, via her housing counselor, on September 10, 2014.

32.    On September 30, 2014, Ms. Robinson emailed Plaintiff and Plaintiff's housing counselor advising them that her application was still being reviewed by the underwriter and that she would keep them posted.

33.    On October 20, 2014, Ms. Robinson emailed Mr. James, Plaintiff's housing counselor, and requested additional documents.

34.    Plaintiff sent the requested documents to CitiMortgage on October 23, 2014.

35.    Ms. Robinson requested updated documents on November 13, 2014.

36.    Plaintiff sent the requested documents to CitiMortgage on or about December 8, 2014. On or about December 16, 2014, Ms. Robinson sent Plaintiff an email stating: "At this moment we are working on the verification of employment and once received back I will update you all. At this moment no other information is requested." Email correspondence between Ms. Robinson and Plaintiff attached as **Exhibit A.**

37.    Plaintiff submitted a complete application and provided CitiMortgage with all the documents it required and requested. Since no additional information was requested, her application was facially complete. § 1026.41(b)(2)(i)(B).

38.    Plaintiff's completed loan modification application triggered CitiMortgage's duties under 15 U.S.C. 1691(d)(1).

39.    The December 16, 2014 email was the last communication that Plaintiff and her housing counselor received from Ms. Robinson.

40.    Plaintiff did not receive a notice that her 2014 application was incomplete.

41.    Plaintiff did not receive an approval from CitiMortgage in response to her 2014 application for a loan modification.

42.    Plaintiff did not receive a denial from CitiMortgage in response to her 2014 application for a loan modification.

43.    Plaintiff received a 14-Day Foreclosure Referral Notice from CitiMortgage dated January 7, 2016.

44.    Plaintiff called the CitiMortgage Homeowner Representative, Mr. Kenneth Lehrmann, on January 15, 2016 to inquire about the status of the modification applications previously submitted.

45.    Mr. Lehrmann stated that he could not find any information about the previously submitted modification applications in their system.

46.    Plaintiff received a letter, dated January 25, 2016, from CitiMortgage notifying her that her mortgage loan was referred to foreclosure counsel to begin the foreclosure proceedings.

47.    Plaintiff received a Notice of Intent to Foreclose dated April 4, 2016, from CitiMortgage.

48.    The April 4, 2016, Notice of Intent to Foreclose stated the secured party is New York Mortgage Trust 2006-1 Mortgage-Backed Pass-Through Certificates, U.S. Bank National Association as Trustee.

49.    Plaintiff sent Defendant a Qualified Written request on or about April 28, 2016.

50.    Although Defendant responded, it failed to provide correspondence regarding the loan modification application and correspondence regarding the servicing of Plaintiff's loan.

51.    Plaintiff sent Defendant a follow up Qualified Written request on or about May 12, 2016.

52.    Defendant once again failed to provide the critical information that was requested regarding the servicing of Plaintiff's mortgage loan.

53.    Plaintiff received another Notice of Intent to Foreclose dated June 30, 2016 from CitiMortgage.

54.     Plaintiff received a letter from CitiMortgage's counsel, Cohn, Goldberg & Deutsch, LLC, dated October 7, 2016, stating that a foreclosure action was filed with the Circuit Court for Anne Arundel County. (Case No. C-02-CV-16-003186.)

55.     On or about October 12, 2016, Plaintiff found the Order to Docket posted on her property.

56.     Upon finding the Order to Docket posted on her front door, Plaintiff suffered emotional distress which manifested itself with the inability to sleep, loss of appetite, and nervousness because, although she complied with all of Defendant's document requests, Citi refused to provide her with a response to her application, and moved forward with foreclosure.

57.     Plaintiff was forced to file this instant action to save her home.

58.     After the filing of this action, Defendant offered Plaintiff an opportunity to apply for a home modification.

59.     In an effort to minimize legal fees Plaintiff agreed to re-apply for a loan modification.

60.     Plaintiff provided Defendant with a complete loan modification application on December 29, 2016.

61.     CitiMortgage confirmed receipt of the complete package and has stated that it would decide by February 11, 2017. Letter confirming Completed Application attached as **Exhibit E**.

62.     On February 14, 2017, Plaintiff, through her attorneys, sent an email requesting a status update on her loan modification application.

63.     On February 17, 2017, Defendant, through counsel, responded by requesting additional information on Plaintiff's home owner's association.

64.     Plaintiff provided the requested information on February 21, 2017.

65.     To date, Defendant has not made a decision on Plaintiff's loan modification application.

## JURISDICTION AND VENUE

66.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1345, and 15 U.S.C. § 1691e(h).

67.     Venue is appropriate pursuant to 28 U.S.C. § 1391.

## PARTIES

68.     Plaintiff is the record owner of the property located at 942 Shore Acres Road, Arnold, Maryland 21012 and the sole borrower on the mortgage loan serviced by CitiMortgage.

69.     The current servicer of the mortgage loan is Defendant, CitiMortgage, Inc.

70.     During the relevant time frame, CitiMortgage was and still is engaged in the business of servicing loans.

## COUNT I
## VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## ("ECOA") 15 U.S.C. § 1691 et seq.

71.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth in this paragraph herein.

72.     Plaintiff is an "applicant" as defined by the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.A. § 1691a(b).

73.     CitiMortgage is a "creditor" as governed and defined by ECOA, 15 U.S.C. §1691(a)(e) and acted as a creditor at all times relevant hereto.

74.     CitiMortgage is a servicer and has specific authority to accept, review, investigate, and make determinations as to the completeness of the request for modification and make determinations of acceptability or rejection of the homeowner's request for modification.

75.     CitiMortgage is subject to Federal laws governing ECOA.

76.     CitiMortgage offered Plaintiff the opportunity to apply for a loan modification which is an extension of credit under ECOA.

77.     15 U.S.C §1691(d)(1) provides that "within thirty days after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application."

78.     Regulation B, issued by the Consumer Financial Protection Bureau pursuant to ECOA, further provides: "A creditor shall notify an applicant of action taken within: (i) 30 days after receiving a completed application concerning the creditor's approval of, counteroffer to, or adverse action on the application." 12 C.F.R §1002.9(a)(1)(i).

79.     The term "credit" means the right granted by a debtor to defer payment of a debt or to incur debts and defer its payment. 15 U.S.C. §1691a(d); 12 C.F.R. §1002.2(j).

80.     The applications for modification of her loan terms by Plaintiff were the applications for "credit" as defined by 15 U.S.C. §1691a(d); 12 C.F.R. §1002.2(j).

81.     Plaintiff applied for credit as defined by ECOA by applying for a modification of the terms of her mortgage note through HAMP and other programs.

82.     CitiMortgage failed to inform Plaintiff of any action within 30 days of the submission of the completed request for modification in 2012.

83.     CitiMortgage failed to inform Plaintiff of any action within 30 days of the submission of the completed request for modification in 2013.

84.     CitiMortgage failed to inform Plaintiff of any action within 30 days of the submission of the completed request for modification in 2014.

85.     CitiMortgage failed to give notice that the 2014 submission was incomplete as required by 12 C.F.R. § 1002.9(c)(2).

86.     As stated above, on or about December 16, 2014, Ms. Robinson, the CitiMortgage employee, sent Plaintiff an email stating: "at this moment we are working on the verification of employment and once received back I will update you all. At this moment no other information is requested."

87.     If a borrower submits all the missing documents and information as stated in the notice required pursuant to § 1026.41(b)(2)(i)(B), or no additional information is requested in such notice, the application shall be considered facially complete.

88.     CitiMortgage's December 16, 2014 email, is evidence that the Plaintiff had a complete loan modification application.

89.     Over a period of several months, Plaintiff provided documents that were requested of her.

90.     On December 16, 2014, the Defendant confirmed that it had received all the required documents from the Plaintiff hence, her application was facially complete. § 1026.41(b)(2)(i)(B).

91.     CitiMortgage failed to evaluate Plaintiff's loan modification request in good faith.

92.     CitiMortgage failed to make any determination on the application after receiving all the documents it had requested from Plaintiff.

93.     Plaintiff never received a written notice from CitiMortgage of any action taken on her 2012 application for the loan modification.

94.     Plaintiff never received a written notice from CitiMortgage of any action taken on her 2013 application for the loan modification.

95.     Plaintiff never received a written notice from CitiMortgage of any action taken on her 2014 application for the loan modification.

96.     The above failures of CitiMortgage to notify Plaintiff of actions taken on her applications within thirty days from receipt of the completed application for credit or revocation of her credit as mandated by 15 U.S.C 1691(d)(1) and 12 C.F.R 1002.9(a)(I)(i) was a substantive and material violation of ECOA.

97.     As a direct and proximate result of the above ECOA violations, Plaintiff suffered substantial actual damages in the following manner:

- the loss of the rights to explain or quickly rectify and address any errors or problems in her applications for credit;

- the assessment of past due interest, fees and charges by CitiMortgage that accrued due to its delays in responding to Plaintiff's request for credit;

- the loss of the credit itself, and frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish; and Plaintiff incurred, and continues to incur legal costs and expenses associated with this action.

**WHEREFORE**, Plaintiff prays that this Court:

A.     Grant her actual damages including but not limited to emotional distress in the amount of $75,000.00;

B.      Grant her punitive damages in the amount of $10,000.00;

C.      Award her costs and expenses associated with this action;

D.      Grant her attorney's fees associated with this action; and

E.      Grant her such other and further relief as the nature of her cause requires.

**COUNT II**
**REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA") 12 U.S.C. § 2605 *et seq*.**

98. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth in this paragraph herein.

99. CitiMortgage is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.

100.  Plaintiff's loan is a federally related mortgage loan.

101.  Under RESPA, a borrower may request information from the servicer of a federally related mortgage, 12 U.S.C. § 2605(e)(1)(A).

102.  A Qualified Written Request ("QWR") must include "a statement of the reasons for the belief of the borrower . . . that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii).

103.  Plaintiff sent a QWR, within the meaning of 12 U.S.C. § 2605(e)(1)(B), dated April 28, 2016. *See* QWR dated 4/28/16 attached as **Exhibit B.**

104.  Plaintiff sent a QWR letter, within the meaning of 12 U.S.C. § 2605(e)(1)(B), dated May 12, 2016 letter to CitiMortgage. *See* QWR dated 5/12/16 attached as **Exhibit C.**

105.  These letters included information that enabled CitiMortgage to identify Plaintiff's account and provided a statement of the reasons for Plaintiff's belief that her account was in error, as well as sufficient detail about the information sought.

106.  Specifically, the QWR dated April 28, 2016 stated, in relevant part:

> It is upon information and belief that CitiMortgage violated several consumer protection laws by failing to respond to Ms. Stickler's loan modification application. Ms. Stickler never received a denial letter or notice that her application was incomplete. Instead, she received a Notice of Intent to Foreclose.

107.  The April 28, 2016 letter requested "copies of all correspondence generated as a result of Ms. Stickler's three loan modification applications dated: May 2011, February 2012 and May 2013."

108.  The QWR dated May 12, 2016 stated, in relevant part:

> As stated in our Qualified Written Request dated April 28, 2016, this office has been retained to resolve Ms. Heather Stickler's dispute with CitiMortgage, Inc. ("Citi") regarding Citi's failure to respond to Ms. Stickler's loan modification applications. Although Citi provided some of the requested information, it failed to provide the most critical requested documents that would help resolve this dispute. Specifically:
>
> 2.    Copies of all letters detailing the reasons Ms. Stickler's modification applications were denied.

109. A servicer must respond to a qualified written request within 30 days of receiving it; alternatively, the servicer may extend this response time by 15 days if it notifies the borrower of the extension and the reasons for the delay in responding. 12 U.S.C. § 2605(e)(2), (4).

110. In response to a qualified written request, a servicer must conduct a reasonable investigation into any written request for information with respect to the borrower's mortgage loan 12 C.F.R. §1024.36.

111. CitiMortgage responded by stating, in relevant part:

> With respect to your inquiries that CMI failed to provide copies of all letters detailing the reasons modification applications were denied and copies of all correspondence regarding the servicing of the mortgage loan, we cannot identify the specific error which you want investigated as your request is overbroad.

*See* Citi letter date June 8, 2016 attached as **Exhibit D.**

112. CitiMortgage failed to conduct a reasonable search for the requested information in violation of 12 C.F.R. § 1024.36(d)(ii).

113. Plaintiff's request for "Copies of all letters detailing the reasons Ms. Stickler's modification applications were denied" is not "overbroad."

114. Had Defendant conducted a reasonable investigation it would have sent Plaintiff copies of the denial letters stemming from her 2012, 2013 and/or the 2014 applications or advised Plaintiff that no such letters exist.

115. CitiMortgage failed to address or correct the lack of response to Plaintiff's various applications for a loan modification.

116. CitiMortgage failed to provide a denial letter or a letter requesting additional documents, instead responding that the request of copies for denial letters for four specific applications was "overbroad."

117.    Plaintiff's QWR dated April 28, 2016, also requested "all correspondence sent to Ms. Stickler regarding the servicing of the mortgage."

118.    Citi failed to provide such correspondence.

119.    Each of the failures to correct Plaintiff's' account is a violation of 12 U.S.C. § 2605.

120.    Whoever fails to comply with any provision of 12 U.S.C. § 2605 is liable to the borrower for each such failure for actual damages and statutory damages up to $2,000.00.

121.    As a direct and proximate result of the above RESPA violations, Plaintiff suffered substantial actual damages in the following manner:

- the loss of the rights to explain or quickly rectify and address any errors or problems in her applications for credit;

- the assessment of past due interest, fees and charges by CitiMortgage that accrued due to its delays in responding to Plaintiff's request for credit;

- the loss of the credit itself, and frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish; and Plaintiff incurred, and continues to incur legal costs and expenses associated with this action.

122.    As a result, CitiMortgage is liable to Plaintiff for actual damages. pursuant to 12 U.S.C. § 2605(f)(1), and costs and attorneys' fees pursuant to 12 U.S.C. § 2605(f)(3).

**WHEREFORE**, Plaintiff prays that this Court:

a.    Grant her actual damages including but not limited to emotional distress in the amount of $75,000.00;

b.    Grant her statutory damages;

c.    Award her costs and expenses associated with this action;

d.      Grant her attorney's fees associated with this action; and

e.      Grant her such other and further relief as the nature of her cause requires.

## COUNT III
## REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")
### 12 C.F.R. 1024.41(c) Evaluation of Loss Mitigation Application
### 12 C.F.R. 1024.41(d) Obligation to Provide a Decision on Applications
### 12  C.F.R.  1024.41(f) Prohibition on Foreclosure Referral

123.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth in this paragraph herein.

124.    CitiMortgage is a mortgage servicer subject to the provisions of 12. C.F.R. § 1024.41.

125.    Alberto James, Plaintiff's housing counselor, submitted Plaintiff's Request for Mortgage Assistance ("RMA") to CitiMortgage via the Hope Loan Portal on or about June 12, 2014.

126.    The June 2014 RMA was Plaintiff's first request for a modification on or after January 10, 2014.

127.    Plaintiff received an email from CitiMortgage stating: "At this moment no other information is requested." *See* paragraph 36 Supra.

128.    There was no foreclosure sale scheduled at the time of the transmission of the June 2014 RMA or on December 16, 2014.

129.    After the December 2014 email, CitiMortgage never notified Plaintiff that it needed additional documents to process the application.

130.   After the December 16, 2014 email acknowledging that all necessary documents had been received and Plaintiff's loan modification application was under review, CitiMortgage never notified Plaintiff that it needed additional documents to process the application.

131.   Plaintiff never received a denial from CitiMortgage in response to her June 2014 application.

132.   Plaintiff never received an approval from CitiMortgage in response to her June 2014 application.

133.   On or about October 12, 2016, Plaintiff was served with an Order to Docket Foreclosure.

134.   Defendant violated 12 C.F.R. 1024.41(c) by failing to evaluate Plaintiff's loss mitigation application.

135.   Defendant violated 12 C.F.R. 1024.41(d) by failing to provide a decision as to Plaintiff's loss mitigation application.

136.   Defendant violated 12 C.F.R.  1024.41(f) by beginning foreclosure proceedings against Plaintiff when it had no right to do so.

137.   As a direct and proximate result of the above RESPA violations, Plaintiff suffered substantial actual damages in the following manner:

- the loss of the rights to explain or quickly rectify and address any errors or problems in her applications for credit;

- the assessment of past due interest, fees and charges by CitiMortgage that accrued due to its delays in responding to Plaintiff's request for credit;

- the loss of the credit itself, and frustration, anger, humiliation, fear, embarrassment and other emotional and mental anguish; and Plaintiff incurred, and continues to incur legal costs and expenses associated with this action.

**WHEREFORE**, Plaintiff prays that this Court:

A.      Grant her actual damages including but not limited to emotional distress in the amount of $75,000.00;

B.      Award her costs and expenses associated with this action;

C.      Grant her attorney's fees associated with this action; and

D.      Grant her such other and further relief as the nature of her cause requires.


### DEMAND FOR A JURY TRIAL


Respectfully submitted,

/s/ Sari K. Kurland
Sari Karson Kurland, Esq.
Federal Bar No. 09174
211 Jersey Lane
Rockville, MD 20850
(301) 424-2834, Fax (240) 715-4658
sari@sarikurland.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April 2017, I electronically filed the First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Ann Marie Duffy (D. Md. Bar No. 16634)
MAYER BROWN LLP
1999 K Street, N.W. Washington, D.C.
20006-1101 (202) 263-3000
(Telephone) (202) 263-3300 (Facsimile)
aduffy@mayerbrown.com
*Attorney for CitiMortgage, Inc.*

Debra Bogo-Ernst (*pro hac vice*)
Matthew Sostrin (*pro hac vice*) Michael Bornhorst
(*pro hac vice*) MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600 (Telephone)
*Attorneys for CitiMortgage, Inc.*


/s/Sari Karson Kurland
Sari Karson Kurland, Esq.

18